

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

December 15, 1959

Mr. James A. Turman
Executive Director
Texas Youth Council
Austin, Texas

Opinion No. WW-760

Re: Can the Texas Youth Council approve the payment of rent for the Business Manager at Crockett State School for Girls in lieu of providing a house and utilities on the grounds in a State owned building?

Dear Mr. Turman:

You have requested an opinion from this office as to whether the Texas Youth Council can pay rent for the housing of the Business Manager at Crockett State School for Girls in lieu of providing house and utilities as set out in House Bill 4, Section 1, Article II, Appropriations to the Institutions under the control of the Youth Council, Chap. 23 at p. 485, Acts of the 56th Legislature, Third Called Session, 1959.

Section 20 of Article 5143d of Vernon's Civil Statutes, in establishing the Texas Youth Council, provides as follows in regard to emoluments:

"The Youth Council shall, from time to time, appoint a superintendent for each of said schools and institutions, and upon the recommendation of the superintendent shall appoint all other officials, chaplains, teachers, and employees required at said schools and institutions and shall prescribe their duties. The superintendent of any school or other facility for the care of girls exclusively shall be a woman. The superintendent, with the consent of the Executive Director, may discharge any employee for cause.

"The salaries, compensation, and emoluments of the superintendents and subordinate

officials, teachers, and employees shall
be fixed as provided by the Legislature."

This provision leaves the determination of the emolu-
ments up to the Legislature in the appropriation pass-
ed for the particular years in question.

In the Appropriation Act for the present bien-
nium, the Legislature provided in Section 37, Article
II, the following:

"The Superintendent of all institu-
tions under the Council shall be furnished
a house, utilities, laundry and maid. The
Business Managers of all institutions shall
be furnished a house, utilities, and laun-
dry. The Assistant Superintendents of the
Gatesville State School and the Gainesville
State School shall be furnished a house,
utilities and laundry. The Dean of Students
of the Waco State Home and the Corsicana
State Home shall be furnished a house and
utilities. No other employees of these in-
stitutions shall be granted emoluments.
Commissary privileges shall not be avail-
able to any employee of the Youth Council."

Though the Appropriation Act does not specifically
authorize the payment of rent in lieu of furnishing a
house, it is evident that it was intended for the Busi-
ness Manager to be housed at the expense of the State as
a part of the emoluments of his office. The payment of
rent fulfills the intent of the Legislature to provide
a house because the rent paid enables the Business Mana-
ger of the Crockett School to secure housing at the State's
expense. In Wood v. State, 133 Tex. 110, 126 S.W. 2d 4
(1939) the Texas Supreme Court said, in discussing a
statute:

"It is the settled law that statutes
should be construed so as to carry out the
legislative intent, and when such intent
is once ascertained, it should be given
effect, even though the literal meaning
of the words used therein is not follow-
ed. . . ."

Since your opinion request states that no housing is available at the Crockett School, and the Legislature did not specify that a house was to be built by the Texas Youth Council, and did not provide funds for erecting a building, and it is clear that it intended that the Business Manager of Crockett School was to be housed at the State's expense, it is our opinion that the Texas Youth Council may provide a house for the Business Manager of this School by paying a reasonable amount of rent for such housing.

The question as to the Comptroller's authority to issue warrants in payment of such rent is also answered in the affirmative. The Comptroller has only the ministerial duty of issuing the State warrants.

This opinion only applies to the Crockett School and is not to be construed to mean that the Texas Youth Council can substitute rent in lieu of providing a house whenever it so desires. Where a state building is available for the person entitled to housing under the Appropriation Act it must be utilized by that person.

Payment of the rental money may be made from line Item No. 3 of the present biennium appropriation under Article II Appropriation to the Colored Girls Training School.

### SUMMARY

The Texas Youth Council is authorized to approve the payment of rent for the housing of the Business Manager of the Crockett State School for Girls in lieu of providing a house and utilities on the grounds in State owned housing where State housing is not available. The Comptroller must issue State

warrants to pay the rent in
question.

Very truly yours,

WILL WILSON
Attorney General of Texas

By John C. Steinberger
    John C. Steinberger
    Assistant

JCS:ms

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman

J. Arthur Sandlin
Charles D. Cabaniss
Jay D. Howell
Riley Eugene Fletcher

REVIEWED FOR THE ATTORNEY GENERAL
BY  Leonard Passmore